UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAE HELEN ATKINS, as personal representative of the estate of Matthew Walker

       Plaintiff,

v.                                   Case No: 2:16-cv-360-FtM-99MRM

THOMAS REID, DAVE THOMAS, TYLER TRIPLETT, DANIEL LYNCH, ROSEMARY HARRINGTON, AHSAKI JONES, ERROL GRANT, KENT STOTT, EDWARD SINOR, THOMAS WEIDNER, ANDREW LOVE, MESTELY SAINTERVIL, JOSEPH TROYAN, WEXFORD HEALTH SOURCES, INC., ROBERT HEMPHILL, DENISE JENKS, DANIEL STAHL and PRISCILLA WHEELER,

       Defendants.

## CASE MANAGEMENT AND SCHEDULING ORDER

Having considered the case management report that the parties prepared, *see* Fed. R. Civ. P. 26(f) and M.D. Fla. R. 3.05(c), and following a Preliminary Pretrial Conference held on July 5, 2016, the Court enters this Case Management and Scheduling Order:

| | |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed. R. Civ. P. 26(a)(1))** | July 20, 2016 |
| **Certificate of Interested Persons and Corporate Disclosure Statement** | **IMMEDIATELY, if not already filed** |
| **Motions to Add Parties or to Amend the Pleadings** | October 21, 2016 |
| **Disclosure of Expert Reports**   Plaintiff: <br> Defendant: | February 6, 2017 <br> March 10, 2017 |

| | |
|---|---|
| **Discovery Deadline** | **April 5, 2017** |
| **Mediation Deadline:** *If no mediator is designated herein or in the Case Management Report, the parties must file a stipulation selecting a mediator within fourteen days of the date of this Order.* | **April 19, 2017** |
| **Dispositive Motions, *Daubert* Motions, and *Markman* Motions** | **May 5, 2017** |
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement** | **July 10, 2017** |
| **Joint Final Pretrial Statement (including joint-proposed jury instructions and verdict form, case-specific *voir dire* questions, witness lists, and exhibit lists, all of which must also be emailed in Microsoft Word® format to Judge Chappell's [inbox](#))** | **August 11, 2017** |
| **All Other Motions (including motions *in limine*) and Trial Briefs (non-jury trials)** | **August 11, 2017** |
| **Final Pretrial Conference**   Date:<br>Time:<br>Judge: | **August 25, 2017**<br>**9:30 AM**<br>**Sheri Polster Chappell** |
| **Trial Term Begins**<br><br>**Note: Trials before a Magistrate Judge begin on a date certain.** | **September 5, 2017**<br>**9:00 A.M.** |
| **Estimated Length of Trial** | **10 days** |
| **Jury/Non Jury** | **Jury** |

The purpose of this Case Management and Scheduling Order is to discourage wasteful pretrial activities and secure the just, speedy, and inexpensive determination of the action.  *See* Fed. R. Civ. P. 1; M.D. Fla. R. 1.01(b).  This Order controls the subsequent course of this proceeding.  *See* Fed. R. Civ. P. 16.  Counsel and all parties (both represented and *pro se*) shall comply with this Order, the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Middle District of Florida, A Handbook On Civil Discovery Practice in the United States District Court for the Middle District of Florida, and the United States District Court for the Middle District Florida's Administrative Procedures for Electronic Filing.  Counsel shall also comply with the Professionalism Expectations adopted by The Florida Bar Board of Governors on January 30, 2015.  *See also* M.D. Fla. R. 2.04 (discussing attorney discipline).

**I.      DISCOVERY**

**A.      Certificate of Interested Persons and Corporate Disclosure Statement** – Each party, intervenor, non-party movant, and Rule 69 garnishee shall file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using the mandatory form issued by the Clerk's Office.  No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement.  A motion, memorandum, response, emergency motion, or other paper may be denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement.  Any party who has not already filed and served the required certificate shall do so within fourteen days of the date of this Order or sanctions will be imposed.

**B.      Discovery Not Filed** – The parties shall not file discovery materials with the Clerk except as provided in M.D. Fla. R. 3.03.

**C.      Limits on Discovery** – The parties may stipulate to limits on discovery within the context of the limits and deadlines established herein, but the parties may not alter the terms of this Order without the Court's leave.  *See* Fed. R. Civ. P. 29.

**D.      Discovery Deadline** – Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline.  The Court may deny as untimely all motions to compel filed after the discovery deadline

**E.      Disclosure of Expert Testimony** – On or before the date set in the above table for the disclosure of expert reports, the party shall fully comply with Fed. R. Civ. P. 26(a)(2) and 26(e).  Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed per this Order.  Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.

**F.      Confidentiality Agreements** – The parties may reach an agreement on designating materials as "confidential."  The Court does not need to endorse a confidentiality agreement.  The Court will enforce stipulated and signed confidentiality agreements.  *See generally* M.D. Fla. R. 4.15.  Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need."  *See also* "Motions to File Under Seal" below.

## II. MOTIONS

**A.     Certificate of Good Faith Conference** – A moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issue(s) raised by the motion.  See M.D. Fla. R. 3.01(g); Fed. R. Civ. P. 26(c).  A moving party shall also file a statement with the motion that (1) certifies that the moving party conferred with opposing counsel; and (2) states whether counsel agree on the resolution of the motion.  No such certificate is required in a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, or to involuntarily dismiss an action. See M.D. Fla. R. 3.01(g).  Although Local Rule 3.01(g) does not require a certificate for a motion to dismiss for failure to state a claim upon which relief can be granted, Judge Chappell expects a party filing such a motion to confer with opposing counsel before filing the motion.

The term "confer" in Local Rule 3.01(g) requires a substantive conversation in person or by telephone, and it does not envision an exchange of ultimatum by fax or letter.  Counsel who merely attempt to confer have not "conferred."  Counsel must respond promptly to inquiries and communications from opposing counsel.  A certificate to the effect that opposing counsel was unavailable for a conference does not satisfy the parties' obligation to confer.  The moving party retains the duty to contact opposing counsel expeditiously after filing and to supplement the motion promptly with a statement certifying whether, or to what extent, the parties have resolved the issue(s) presented in the motion.

If the parties agree to all or part of the relief sought in any motion, the caption of the motion shall include the word "unopposed," "agreed," or "stipulated" or otherwise succinctly inform the Court that, as to all or part of the requested relief, no opposition exists.  The importance of Local Rule 3.01(g) in helping needless litigation cannot be overstated; therefore, failure to comply fully with the rule may result in the Court denying or striking the motion.

**B.     Motions to Extend Deadlines**

1.    *Extensions of Deadlines Disfavored* – A motion to extend a deadline established in this Order, including motions to extend discovery, are disfavored. Failure to complete discovery within the time established by this Order does not constitute cause for a continuance unless brought to the Court's attention at least sixty days before the first day of the scheduled trial term.  The moving party must show that the failure to complete discovery is not the result of lack of diligence in pursuing discovery.  See M.D. Fla. R. 3.09(b).  The filing of a motion to extend a deadline does not toll the time for compliance with other deadlines established by rule or order.

2.    *Dispositive Motions Deadline and Trial Not Extended* – The Court cannot extend a dispositive motion deadline to the eve of trial.  Because of the Court's heavy trial calendar, at least four months before the first day of the scheduled trial term are needed to review and resolve a dispositive motion sufficiently.

4

  **C.** **Motions to Compel** – A motion to compel discovery will be denied unless it complies with Local Rule 3.04. Under Local Rule 3.04, a motion to compel discovery must include quotation in full of each interrogatory, question on deposition, request of admission, or request for production to which the motion is addressed; each of which shall be followed immediately by quotation in full of the objection and grounds therefor as stated by the opposing party; or the answer or response which is asserted to be insufficient, immediately followed by a statement of the reason the motion should be granted. The opposing party shall then respond as Local Rule 3.01(b) requires.

  **D.** **Motions for Protective Order** – A motion for a protective order will be denied unless it complies with Local Rule 3.04. The mere filing of a motion for a protective order does not, absent a Court order granting the motion, excuse the moving party from complying with the requested or scheduled discovery. Upon receipt of objectionable discovery, a party has a duty to seek relief immediately and not wait until discovery is due or almost due.

  A party wishing to keep confidential documents obtained or disclosed during discovery, including for attorneys' eyes only, may file a motion for a protective order, with a proposed order, showing good cause for the relief requested. Notwithstanding any provision in the stipulated protective order, nothing in the Court's order shall authorize a party to file under seal, absent further Court order, confidential discovery material with the Clerk of Court or at trial, as such filings are subject to greater scrutiny due to the common law right to inspect and copy judicial records and public documents. The Court discourages unnecessary stipulated motions for protective order.

  **E.** **Motions to File Under Seal** – Whether a document(s) may be filed under seal is a separate and distinct issue from whether the parties may agree that produced documents are confidential. A motion to file under seal is disfavored. The Court permits a document(s) to be filed under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. Am. Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985).

  A party seeking to file a document under seal must file a "Motion to Seal" requesting Court action, together with a memorandum of law in support. A party may file a "Motion to Seal" either electronically or in paper format. If a motion to seal is filed electronically, the moving party must file each document being proposed for sealing in paper format. If the Court grants a motion to seal, it will enter an order authorizing the filing of the document in paper format under seal. A document filed under seal must be filed in paper format and in accordance with the Local Rules. The document must be clearly designated as "UNDER SEAL" or "IN CAMERA." *See* Admin. Procedures for Elec. Filing at 6.

  **F.** **Emergency Motions** – A motion of an emergency nature may be considered and determined by the Court at any time, in its discretion. *See* M.D. Fla. R. 3.01(e), 4.05. The designation of "emergency" may cause the Court to abandon other pending matters in order to address the "emergency" immediately. Thus, an unwarranted designation of a motion as an emergency motion may result in the imposition of sanctions. It is not an emergency, for example, when counsel has delayed discovery until the end of the discovery period.

### G.     Motions for Summary Judgment

1.     *Required Materials* – A motion for summary judgment shall include a memorandum of law in support *and* a specifically captioned section titled, "Statement of Material Facts" in a single document not to exceed 25 pages in length.  *See* M.D. Fla. R. 3.01(a).  The statement of material facts must list each material fact alleged not to be disputed in separate, numbered paragraphs.  Each fact must be supported by a *pinpoint* citation to the specific part of the record relied upon to support that fact.  A general reference to a deposition is inadequate.[1]  The record includes depositions, electronically stored information, affidavits or declarations, stipulations, admissions, and interrogatory answers; however, it does not include attorneys' affidavits.  When preparing the statement of material facts, the moving party must reference only the material facts necessary for the Court to determine the issues presented in the motion for summary judgment.  Legal arguments should not be included in the statement of material fact. *Failure to submit a statement of material facts constitutes grounds to deny the motion*.

An opposition to a motion for summary judgment shall be filed within **fourteen days** after service of the motion.  An opposition to a motion for summary judgment shall include a memorandum of law and a specifically captioned section titled, "Response to Statement of Material Facts" in a single document not to exceed 20 pages in length.  *See* M.D. Fla. R. 3.01(b).  The opposing party's response to statement of material facts must mirror the statement of material facts by admitting and/or denying each of the moving party's assertions in matching numbered paragraphs.  Each denial must set forth a *pinpoint* citation to the record where the fact is disputed.  Although the opposing party's response must correspond with the paragraph scheme used in the statement of material facts, the response need not repeat the text of the moving party's paragraphs.  In deciding a motion for summary judgment, *the Court will deem admitted any fact in the statement of material facts that the opposing party does not specifically controvert, provided the moving party's statement is supported by evidence in the record*.  Additional facts which the party opposing summary judgment contends are material shall be numbered and placed at the end of the opposing party's response and include a *pinpoint* citation to the record where the fact is established.

2.     *Deposition Transcripts as Exhibits* – If depositions are filed in support of a motion for summary judgment, the Court prefers the deposition be filed in its entirety (condensed version is fine) with exhibits

3.     *Exhibit Index* – A motion for summary judgment or a response thereto with exhibits totaling more than ten pages *must* include an index to the exhibits that lists the exhibit number and title of the exhibit.  Counsel must file the index as the first attachment to the parent document.  *See* "Exhibit Index" below for a sample exhibit index.

4.     *Scope of Judicial Review* – When resolving motions for summary judgment, the Court has no independent duty to search and consider any part of the record not otherwise referenced and pinpoint cited to in the statement of material facts and response thereto.  *See* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record.").

---

[1] For example, a general reference to "Deposition of Jones" is insufficient.  The page and line number of the deposition transcript must be included.

    5. *Oral Argument* – Unless specifically ordered, the Court will not hold a hearing on a motion for summary judgment.

  H. ***Daubert*** **and** ***Markman*** **Motions** – On or before the date set in the above table, a party seeking a ruling pursuant to *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) (admissibility of expert opinions) or *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996) (interpreting a patent claim) shall file and serve an appropriate motion. Where appropriate, the parties shall prepare a glossary of technical or scientific terms for the Court and court reporter.

  I. **All Other Motions Including Motions** *In Limine* – On or before the date set in the above table, the parties shall file and serve all other motions including motions *in limine.* Because of Local Rule 3.01(g), the parties shall confer to define and limit the issues in dispute.

  J. **Exhibit Index** – Counsel filing a motion with exhibits totaling more than ten pages *must* create an index to the exhibits, including the exhibit number and title of the exhibit. File the index as the first attachment to the parent document. Below is a sample exhibit index:

| Number | Title |
|---|---|
| 1 | Affidavit of John Smith |
| 2 | Jane Doe's Deposition |
| 3-A | Contract Between XYZ Company and ABC Company (Part 1, Pages 1-15) |
| 3-B | Contract Between XYZ Company and ABC Company (Part 2, Pages 16-24) |
| 4 | XYZ Company General Ledgers |

**III. FINAL PRETRIAL PROCEDURES**

  A. **Meeting** *In Person* – On or before the date set in the above table, *lead* trial counsel for each and any unrepresented party shall meet *in person* in a good faith effort to:

    1. discuss the possibility of settlement. The parties shall thoroughly and exhaustively discuss settling the case before undertaking the extensive efforts needed to complete the final trial preparations in accordance with this Order;

    2. stipulate to as many facts and issues as possible. The parties shall make an active and meaningful effort to stipulate to agreed facts and law, and to limit, narrow, and simplify the issues of fact and law that remain contested. Parties who have complied with this requirement in good faith will file a Joint Final Pretrial Statement listing far more agreed facts and principles of law than those that remain for determination at trial;

7

   3. examine all individual and joint exhibits and Local Rule 5.04 exhibit substitutes or documents and other items of tangible evidence to be offered by the parties at trial.  The parties should also prepare and exchange a final exhibit list bearing a description identifying each exhibit and sponsoring witness.  *See* "Exhibit List and Marking Exhibits" below.  Absent good cause, the Court will not receive in evidence over objection any exhibits, including charts, diagrams, and demonstrative evidence, not presented to opposing counsel or unrepresented parties for inspection and copying at the required meeting, or not listed in the joint final pretrial statement;

   4. exchange the names and addresses of all witnesses, and state whether they will likely be called; and

   5. prepare a Joint Final Pretrial Statement in strict conformance with Local Rule 3.06(c) and this Order.

  **B.** **Joint Final Pretrial Statement** – On or before the date set in the above table, *lead* trial counsel for each party and any unrepresented party shall jointly prepare and file a "Joint Final Pretrial Statement" that strictly conforms to Local Rule 3.06(c) and this Order.  The Joint Final Pretrial Statement must be signed by counsel for all parties and any unrepresented party and contain the following information:

   1. the basis of federal jurisdiction;

   2. a concise statement of the nature of the action;

   3. a brief statement of each party's case;

   4. a list of all exhibits and Local Rule 5.04 exhibit substitutes to be offered at trial with notation of all objections thereto;

   5. a list of all witnesses who may be called at trial;

   6. a list of all expert witnesses including, as to each such witness, a statement of the subject matter and a summary of the substance of his or her testimony;

   7. in cases in which any party claims money damages, a statement of the elements of each such claim and the amount being sought with respect to each such element;

   8. a list of all depositions to be offered in evidence at trial (as distinguished from possible use for impeachment), including a designation of the specific pages and lines to be offered from each depositions;

   9. a concise statement of those facts which are admitted and will require no proof at trial, together with any reservations directed to such admissions;

   10. a concise statement of applicable principles of law on which there is agreement;

        11.    a concise statement of those issues of fact which remain to be litigated (without incorporation by reference to prior pleadings and memoranda);

        12.    a concise statement of those issues of law which remain for determination by the Court (without incorporation by reference to prior pleadings or memoranda);

        13.    a concise statement of any disagreement as to the application of the Federal Rules of Evidence or the Federal Rules of Civil Procedure; and

        14.    a list of all motions or other matters that require action by the Court.

*See* M.D. Fla. R. 3.06(c). The Court will strike pretrial statements that are unilateral, partly executed, or otherwise incomplete. Inadequate stipulations of fact and law will be stricken. Sanctions may be imposed for failure to comply, including the striking of pleadings. At the conclusion of the final pretrial conference, all pleadings are deemed to merge into the Joint Final Pretrial Statement, which will control the course of the trial. *See* M.D. Fla. R. 3.06(e); Fed. R. Civ. P. 16(e).

        **C.**    **Coordination of Joint Final Pretrial Statement** – All counsel and parties are responsible for filing a Joint Final Pretrial Statement in full compliance with this Order. Plaintiff's counsel (or plaintiff, if all parties are proceeding *pro se*) shall have the primary responsibility to coordinate compliance with the sections of this Order that require a meeting of lead trial counsel and unrepresented parties *in person*, and the filing of a Joint Final Pretrial Statement and related material. *See* M.D. Fla. R. 3.10 (relating to failure to prosecute). If the plaintiff is proceeding *pro se*, defense counsel shall coordinate compliance. If counsel is unable to coordinate such compliance, counsel shall timely notify the Court by written motion or request for a status conference.

        **D.**    **Depositions** – The Court encourages stipulations of fact to avoid calling unnecessary witnesses. Where a stipulation will not suffice, the Court permits the use of videotaped depositions. At the required meeting, counsel and unrepresented parties shall agree upon and specify in writing in the Joint Final Pretrial Statement the pages and lines of each deposition (except where used solely for impeachment) to be published to the trier of fact. The parties shall include in the Joint Final Pretrial Statement a page-and-line description of any testimony that remains in dispute after an active and substantial effort at resolution, together with argument and authority for each party's position. The parties shall submit edited and marked electronic copies (as to the portion offered by each party) of any depositions or deposition excerpts that are to be offered in evidence. Edited and marked electronic copies shall also be emailed to the Honorable Sheri Polster Chappell's [inbox](Chambers_FLMD_Chappell@flmd.uscourts.gov)[2] for the Court's consideration at the final pretrial conference.

---

[2] [Chambers_FLMD_Chappell@flmd.uscourts.gov](mailto:Chambers_FLMD_Chappell@flmd.uscourts.gov).

**E.     Witness Lists** – On or before the date set in the above table, each party must file and exchange a list of all witnesses who may be called at trial. In addition, on the morning of trial, prior to jury selection, counsel much provide three (3) copies of their final witness lists to the Courtroom Deputy Clerk. The party must use the Civil Witness List form found on Judge Chappell's [website](.).[3] When completing the required Witness List form, counsel may ignore the column titled, "Date(s) Testified," as that column is reserved for the Court. Absent good cause, the Court will not permit the testimony of unlisted witnesses at trial over objection. This restriction does not apply to true rebuttal witnesses, i.e., witnesses whose testimony could not have been reasonably foreseen as necessary. Records custodians may be listed, but will not likely be called at trial, except in the rare event that authenticity or foundation is contested. For good cause and in compelling circumstances, the Court may permit presentation of testimony in open court by contemporaneous transmission from a different location. *See* Fed. R. Civ. P. 43(a).

**F.     Exhibit Lists and Marking Exhibits** – On or before the date set in the above table, each party must file and exchange a list of exhibits that may be introduced at trial. The parties must use the Exhibit List form found on Judge Chappell's [website](.). Unlisted exhibits will not be received into evidence at trial, except by order of the Court in the furtherance of justice. *See* M.D. Fla. R. 3.06(e). In completing the Exhibit List form, the party must provide a descriptive notation sufficient to identify each exhibit. In addition, on the morning of trial, prior to jury selection, the parties must provide the Courtroom Deputy Clerk with three (3) copies of their respective exhibit lists and email the lists in Microsoft Word® format to Judge Chappell's [inbox](.). Include the case number and case name in the email subject line. Any party unable to comply with this requirement must contact the Courtroom Deputy Clerk to make other arrangements.

To avoid duplicate exhibits and confusion in the record, counsel must submit all stipulated exhibits as joint exhibits. Counsel must identify joint exhibits on a single exhibit list rather than separately list the joint exhibits on their individual exhibit lists. For example, if a photograph or medical record is being stipulated into evidence, it should be marked as a joint exhibit and not listed separately on both (all) party's witness lists. Each party's individual exhibit list should include only additional exhibits to which objections have been asserted.

In advance of trial, all individual and joint exhibits must be *pre-marked* in accordance with the instructions on Judge Chappell's [website](.) and Local Rule 3.07. Counsel must staple the appropriate colored, party-specific exhibit tags to the upper right corner of the first page. The exhibit tags are on Judge Chappell's [website](.). In completing the exhibit tags, the parties must use consecutive numbers to mark exhibits.

When offering into evidence a documentary exhibit larger or smaller than 8.5"x11", counsel shall also offer an 8.5"x11" reduction or enlargement of the exhibit. *See* M.D. Fla. R. 5.04(b). Counsel will be deemed by the Court to stipulate to the substitution of the photographs or 8.5"x11" reduction/enlargement of the exhibits in the record on appeal, unless otherwise ordered by the Court. Objections to such photographs or reductions of exhibits must be listed in the Joint Final Pretrial Statement.

---

[3] http://www.flmd.uscourts.gov/judicialinfo/ftmyers/JgChappell.htm.

G. **Electronic Exhibit Binder** – On or before the morning of trial, prior to jury selection, counsel for each party must provide Judge Chappell an **electronic** exhibit binder that contains all individual exhibits and joint exhibits each party intends to introduce at trial. The electronic exhibit binder is for Judge Chappell's use only and merely replaces a hardcopy exhibit binder traditionally submitted to the Court. Because the electronic exhibit binder is for Judge Chappell to use during a trial or hearing, counsel must still bring paper copies of all individual and joint exhibits that may be introduced at trial for the Courtroom Deputy Clerk.

Each exhibit must be saved as a PDF document and then combined with the other exhibits into a single PDF file. The single PDF file is the electronic exhibit binder. Within the single PDF file, counsel must identify each exhibit separately using PDF bookmarks.[4] When possible, counsel should scan an exhibit for the electronic exhibit binder with Optical Character Recognition. *See* "Electronic Case Filing Requirements" on Judge Chappell's website.

The electronic exhibit binder must be emailed to Judge Chappell's inbox. Include the case number and case name in the email subject line. If the file containing the electronic exhibit binder is too large to email, counsel should provide the Court with a single CD or DVD of the binder.

H. **Joint-Proposed Jury Instructions and Verdict Form** – In cases to be tried before a jury, the parties shall *jointly* file a single set of proposed jury instructions and a proposed verdict form based on the United States Court of Appeals for the Eleventh Circuit Pattern Jury Instructions. If a pattern instruction is not available for a certain type of instruction, the parties shall submit a joint-proposed instruction, citing to case law that supports the requested non-pattern instruction. A party may include a contested charge at an appropriate place in the joint-proposed jury instructions. The contested charged shall designate the name of the requesting party, bear a citation of authority for its inclusion, and summarize the opposing party's objection. The Court will deny a proposed instruction that is slanted in any way. *See* M.D. Fla. R. 5.01.

A party must email the joint-proposed jury instructions and verdict form in Microsoft Word® format to Judge Chappell's inbox. Include the case number and case name in the email subject line. Any party unable to comply with this requirement must immediately contact the Courtroom Deputy Clerk to make other arrangements.

I. **Case-Specific Proposed *Voir Dire* Questions** – In cases to be tried before a jury, the parties shall *jointly* file proposed *voir dire* questions *specific* to the case. The Court will conduct *voir dire* giving due consideration to the parties' proposed case-specific questions. A party must also email the proposed questions in Microsoft Word® format to Judge Chappell's inbox. Include the case number and case name in the email subject line. Any party unable to comply with this requirement must immediately contact the Courtroom Deputy Clerk to make other arrangements.

---

[4] If an exhibit is physical evidence, counsel should insert a placeholder exhibit that states, "Exhibit [Number] is [description of exhibit]."

11

  **J.**  **Trial Briefs in Non-Jury Cases** – For a non-jury trial, each party shall file and serve a trial brief with proposed findings of fact and conclusions of law on or before the date set in the above table.  A party must also email the trial briefs in Microsoft Word® format to Judge Chappell's [inbox](). Include the case number and case name in the email subject line.  Any party unable to comply with this requirement must immediately contact the Courtroom Deputy Clerk to make other arrangements.

  **K.**  **Courtroom Equipment** – The Court mandates counsel to use the technology and equipment available in the courtroom and expects counsel to be familiar with the equipment prior to any trial or hearing.  Counsel should contact the Courtroom Deputy Clerk to test and/or be trained on the equipment well in advance.  Failure to do so may result in the equipment not being available for use.

## IV. MEDIATION

  **A.**  **Purpose** – All parties shall participate, in a good faith effort, in Court annexed, mandatory mediation in order to minimize pretrial procedures and secure the just, speedy, and inexpensive determination of this action.  *See* M.D. Fla. R. 1.01(b), 9.01(b).

  **B.**  **Last Date to Mediate** – The parties shall complete the mediation conference on or before the mediation date set in the above table.  Despite Local Rule 9.05(d), neither the mediator nor the parties have authority to continue the mediation conference beyond this date except on express order of the Court.

  **C.**  **Mediator's Authority** – The mediator shall have all powers and authority to conduct mediation and settle this case per the Local Rules, except as otherwise limited by this Order.  *The mediation shall continue until adjourned by the mediator.*  In order to coordinate the mediation conference, the mediator may set an abbreviated scheduling conference prior to the scheduled mediation.  At such time, the mediator may designate one or more coordinating attorneys who shall be responsible for conferring with the mediator regarding the mediation conference.  If necessary, the coordinating attorney may coordinate the rescheduling of a mediation conference within the time allowed in this Order. In a Track Three case, complex case, or case involving multiple parties, the mediator has the authority to conduct the mediation in a series of sessions and in groups of parties so that mediation is complete by the last date to mediate.

  **D.**  **General Rules Governing Mediation Conference**

   1. *Case Summaries* – Not less than **two days** prior to the mediation conference, each party shall deliver to the mediator a written summary of the facts and issues of the case.

   2. *Identification of Corporate Representative* – As part of the written case summary, counsel for each corporate party shall state the name and general job description of the employee or agent who will attend and participate with full authority to settle on behalf of the corporate party.

        3.    *Attendance Requirements and Sanctions* – Each attorney acting as lead trial counsel and each party/corporate representative with full authority to settle shall attend and participate in the mediation conference.  In the case of an insurance company, the term "full authority to settle" means authority to settle for the full value of the claim or policy limit.  The Court will impose sanctions on lead counsel and parties who do not attend and participate in good faith.

        4.    *Authority to Declare Impasse* – Participants shall be prepared to spend as much time as may be necessary to settle the case.  No participant may force the early conclusion of a mediation because of travel plans or other engagements.  Only the mediator may declare an impasse or end the mediation.

        5.    *Restrictions on Offers to Compromise* – Evidence of offers to compromise a claim is not admissible to prove liability for or invalidity of the claim or its amount.  *See* Fed. R. Evid. 408 (includes evidence of conduct or statements made in compromise negotiations); M.D. Fla. R. 9.07(b).  All discussions, representations, and statements made at the mediation conference are privileged settlement negotiations.  Except in a supplemental proceeding to enforce a settlement agreement, nothing related to the mediation conference shall be admitted at trial or be subject to discovery.  *See* Fed. R. Evid. 408; M.D. Fla. R. 9.07.  A communication between a party and a mediator during a private caucus is also confidential, unless the party tells the mediator otherwise.

    **E.**    **Rate of Compensation** – The mediator shall be compensated as per Local Rule 9.02(f), or at a rate stipulated by the parties in advance of mediation and borne equally by the parties.  Upon motion of the prevailing party, the party's share may be taxed as costs in this action.

    **F.**    **Settlement and Report of Mediator** – A settlement agreement reached between the parties shall be reduced to writing and signed by the parties and their attorneys in the presence of the mediator.  Within **five days** of the conclusion of the mediation conference, the mediator shall file and serve a written mediation report stating whether all required parties were present, whether the case settled, and whether the mediator was forced to declare an impasse.  *See* M.D. Fla. R. 9.06.  The mediator may report any conduct of a party or counsel that falls short of a good faith effort to resolve the case.  *See* M.D. Fla. R. 9.05(e), 9.06(a).

## V.    SETTLEMENT CONFERENCE

Judge Chappell may refer this case for a settlement conference before the non-assigned Magistrate Judge when it will benefit the parties or the parties request such a conference.  Upon the Court's Order that refers a case for a settlement conference, the parties shall immediately contact the non-assigned Magistrate Judge's office to arrange for a mutually agreeable time to conduct the conference and for the Magistrate Judge's procedures on such conferences.

## VI.    FINAL PRETRIAL CONFERENCE

    **A.**    **Lead Trial Counsel and Parties** – Lead trial counsel and local counsel for each party and any unrepresented party must attend the final pretrial conference *in person* unless excused by the Court.

**B.      Substance of Final Pretrial Conference** – At the final pretrial conference, counsel and unrepresented parties must be prepared and authorized to accomplish the purposes set forth in Federal Rule of Civil Procedure 16 and Local Rule 3.06, including the formulation and simplification of the issues, elimination of frivolous claims or defenses, admitting facts and documents to avoid unnecessary proof, stipulating to the authenticity of documents, obtaining advance rulings from the Court on the admissibility of evidence,  settlement and use of special procedures to assist in resolving the dispute, disposing of pending motions, establishing a reasonable limit on the time allowed for presenting evidence, and such other matters that will facilitate the just, speedy, and inexpensive disposition of the action.  *See* Fed. R. Civ. P. 16.

## VII.   SANCTIONS

The Court will impose sanctions on any party or attorney who (1) fails to attend and actively participate in the meeting to prepare the joint pretrial statement, or who refuses to sign and file the joint pretrial statement; (2) fails to attend the final pretrial conference, or is substantially unprepared to participate; (3) fails to attend and/or actively participate in good faith at mediation, or attends mediation without full authority to negotiate a settlement, or is substantially unprepared to participate in the mediation; or (4) otherwise fails to comply with this Order.  Sanctions may include reasonable attorneys' fees and costs, the striking of pleadings, the entry of default, the dismissal of the case, and a finding of contempt of court.  *See* 28 U.S.C. § 1927; Fed. R. Civ. P. 16(f), 37; M.D. Fla. R. 9.05(c), (e).

## VIII.  TRIAL

**A.     Trial Before District Judge** – This case is set for the monthly trial term as stated in the above table.  A date certain for trial is not granted absent exceptional circumstances.  During the assigned trial term, counsel, parties, and witnesses must be prepared to proceed to trial within **twenty-four hours** of notice.  A trial calendar will be distributed approximately one to two weeks before the commencement of the term.  Cases are listed in the order in which they will be tried, although experience indicates that cases may be called out of order.  Generally, criminal cases are tried first, followed by civil jury trials, and then civil non-jury trials.  Cases not reached during the trial term will be placed at the beginning of the following month's trial term after all criminal cases have been tried.  Parties must immediately inform the Court of any development that may affect trial after the trial calendar has been distributed.  Judge Chappell may reassign the case to any other consenting district judge to try the case.[5]  *See* M.D. Fla. R. 1.02(e),1.03(d).

Counsel are instructed that, absent a showing of good cause, any party whose turn it is to provide evidence will be deemed to have rested if, during the hours designated for trial, that party has no further evidence or witnesses available.

---

[5] A case may be reassigned to a visiting district judge at any time. In unusual and extraordinary circumstances, the Court may re-notice this case for trial shortly *before* the first day of the trial term if necessary to accommodate the trial schedule of the district judge or a visiting judge.

**B.     Trial Before a United States Magistrate Judge** – A case scheduled for trial before a Magistrate Judge will be called for trial on a date certain.  The parties may unanimously consent to proceed before the assigned Magistrate Judge to conduct all proceedings in this case (or specified motions in this case), conduct a jury or non-jury trial beginning on a date certain, and enter final judgment.  *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73(a).  A party is free to withhold consent without adverse substantive consequences.  *See* 28 U.S.C. § 636(c)(2);  Fed. R. Civ. P. 73(b).  A party may appeal a final judgment of the Magistrate Judge to the United States Court of Appeals for the Eleventh Circuit in the same manner as an appeal from the district court.  *See* 28 U.S.C. § 636(c)(3);  Fed. R. Civ. P. 73.

**C.     Settlement** – Counsel shall *immediately* notify the Court if the case settles.  *See* M.D. Fla. R. 3.08.  The parties shall also *immediately* inform the Court of any development that may affect trial after the trial calendar is distributed.  The Court will assess jury costs to the parties if they fail to inform it of settlement before the jury is called.  Regardless of the status of settlement negotiations, the parties shall appear for all scheduled hearings, the final pretrial conference, trial, absent a proper voluntary dismissal under Fed. R. Civ. P. 41(a).

**DONE** and **ORDERED** in Fort Myers, Florida this 5th day of July, 2016.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies to: All Parties of Record