UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| MAE HELEN ATKINS as Personal Representative of the Estate of MATTHEW WALKER<br><br>    Plaintiff,<br>v.<br><br><br>THOMAS REID, DAVE THOMAS, TYLER TRIPLETT, DANIEL LYNCH, ROSEMARY HARRINGTON, AHSAKI JONES, ERROL GRANT, KENT STOTT, EDWARD SINOR, THOMAS WEIDNER, ANDREW LOVE, MESTELY SAINTERVIL, JOSEPH TROYAN, in their individual capacities, WEXFORD HEALTH SOURCES, INC., a Florida profit corporation, DOCTOR ROBERT HEMPHILL, DENISE JENKS, NURSE DANIEL STAHL, NURSE PRISCILLA WHEELER,  in their individual capacities,<br><br>    Defendants. | Case No. 2:16-cv-360-UA-MRM |

**PLAINTIFF'S RESPONSE TO DEFENDANT WEXFORD HEALTH SOURCES, INC.'S AMENDED MOTION TO DISMISS COUNT XII – WRONGFUL DEATH – FROM PLAINTIFF'S AMENDED COMPLAINT [DE #29] AND INCORPORATED MEMORANDUM OF LAW**

The Plaintiff, Mae Helen Atkins, by and through her undersigned counsel, hereby files her Response to Defendant, Wexford Health Sources, Inc.'s Motion to Dismiss [DE #29] and in support thereof states as follows:

## BACKGROUND

This is an action to recover monetary damages resulting from the tragic, barbaric and wrongful acts of Defendants against Matthew Walker whose death occurred at Charlotte Correctional Institution ("CCI") in Punta Gorda, Florida on April 11, 2014. While housed at CCI, one or more correctional officers used excessive force upon the person of Matthew Walker while conducting unauthorized cell inspection checks. As a result of Mr. Walker's injuries, he was in need of attention, medical care, treatment and/or access to care or treatment. However, the medical staff and personnel failed to provide medical attention or care to Mr. Walker despite the clear and obvious need for treatment.

The Defendant, in its Motion, seeks to dismiss the Wrongful Death cause of action (Count XII) of Plaintiff's Amended Complaint, arguing that Plaintiff must comply with Chapter 766 of the Florida Statutes. More specifically, Defendant alleges that the wrongful death claim is based on a medical malpractice claim and Plaintiff must provide pre-suit notice and allow the Defendant to conduct a pre-suit investigation before filing a medical malpractice lawsuit. Despite Defendant's allegations, Plaintiff submits that she has met the *Twombly*[1] and *Iqbal*[2] standard of "factual plausibility" cited by the Defendant and raises facts sufficient to justify the right to relief beyond speculation.

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009)

## INCORPORATED MEMORANDUM OF LAW

**A. Defendant is Unable to Meet its Burden of Proof to Obtain Dismissal which Must be Denied.**

The Federal Rules of Civil Procedure require a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing a Motion to Dismiss, the Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint and matters judicially noticed. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Thus, the Court must accept all factual allegations in Plaintiff's Complaint as true and take them in light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008); *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

Additionally, the Court must assume "the truth of all facts alleged in the Complaint and the existence of any fact that can be proved, consistent with the Complaint allegations." *Eastern Shore Mkts v. J. D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (citing *Hishon v. King Spalding*, 467 U.S. 69, 73 (1984)). Even under the "plausibility standard" of *Ashcroft v. Iqbal*, cited by the Defendant, when the court applies its own judicial experience and common sense[3], should find that Plaintiff has reasonably plead sufficient facts to demonstrate negligence against Wexford Health Sources, Inc. Dismissal is appropriate (only) if the Plaintiff has not "nudged its claim across the line from conceivable to plausible." *Twombly*, at 1974.

---

[3] *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), at 1950.

### B. Medical Negligence Pre-Suit Requirements Do Not Apply In This Case.

Not every wrongful act by a medical provider is medical malpractice. *Quintanilla v. Coral Gables Hosp., Inc., 941 So. 2d 468, 469 (Fla. 3d DCA 2006).* The key inquiry in determining whether an action is subject to medical negligence pre-suit requirements is whether the action arises out of medical, dental or surgical diagnosis, treatment, or care. *Stubbs v. Surgi-Staff, Inc.,* 78 So. 3d 69, 71 (Fla. 4th DCA 2012); *Corbo v. Garcia,* 949 So. 2d 366, 368 (Fla. 2d DCA 2007). Nevertheless, if there is doubt as to the applicability of the governing statutes, the question is generally resolved in favor of the claimant. *Fassy v. Crowley*, 884 So. 2d 359, 364 (Fla. 2d DCA 2004). When possible, the presuit notice an screening statute should be construed in a manner that favors access to courts. *Id*. See also, *Integrated Health Care Servs.,* 840 So.2d 974, 980 *(*quoting *Patry v. Capps,* 633 So.2d 9, 13 (Fla.1994)).

Moreover, in order to determine whether the pre-suit statutory requirements apply, the question fundamental question is whether the plaintiff must rely upon the medical negligence standard of care, as set forth in §766 of the Florida Statutes, in order to succeed in the Plaintiff's case. *Quintanilla* at 469. This inquiry is entirely fact-dependent. *Blom v. Adventist Health System/Sunbelt, Inc.*, 911 So. 2d 211, 213 (Fla. 5th DCA 2005).

Defendant relies *Gullo v. Prison Health Services, Inc.* arguing that the instant case as analogous. However, in *Gullo*, the plaintiff had a history of mental health treatment, was diagnosed with bipolar disorder and was prescribed psychotropic medication. *Id*. The Plaintiff in this case was never given the necessary medication. *Id*. While the Court

granted the Defendant's motion to dismiss, its analysis was pursuant to the "negligent supervision" claim, which the Court believed to be directly related to medical diagnosis, treatment and care. *Id.* at 2.   Further, the Court determined that the application of the prevailing professional standard of care for a healthcare provider was required. *Id*.

However, in this case, the Plaintiff does neither relies upon the medical negligence standard of care as set forth in § 766 of the Florida Statutes nor does the Plaintiff allege that Defendant violated an elevated professional medical standard. Pursuant to the Complaint, Plaintiff argues that Defendant was generally or ordinarily negligent and failed to provide care in the face of an obvious need based on a lay standard.  Essentially, Plaintiff's allege that Defendant's did nothing at all to assist Mr. Walker. Matthew Walker never did receive medical treatment, attention, services or care from Defendant.

The use of the Defendant's medical professional judgment or skill is not at issue. Therefore, the Defendant's omission was not based on a medical diagnosis, a first-aid assessment or any related medical tests.  The Defendant simply declined to attend to Mr. Walker.  Zero medical skill, knowledge or expertise was involved for the Defendant to make that decision. Therefore, the medical negligence pre-suit notice requirements do not apply in this case and Defendant's Motion to Dismiss Count XII of Plaintiff's Complaint should be denied.

Similar to this case, the Plaintiff in *Romano v. Rambosk, et al.*, argued that presuit requirements were not mandated in regard to his claim.  Ultimately, the plaintiff did not provide the presuit notice required by the Florida Medical Malpractice Act when he

alleged that Prison Health Services failed to provide adequate medical devices to plaintiff. Case No. 2:06-cv-375-FtM-29DNF, 2010 WL 5387588 (M.D.Fla. Dec. 22, 2010). The plaintiff alleged the defendant failed to provide sterile stents and latex gloves and cleansing products. *Id*. at 2. The defendant filed a motion to dismiss based on the plaintiff's failure to comply with the presuit notice requirement. *Id.* The plaintiff argued this his claims were not sounded in medical malpractice but stem from simple negligence. *Id*. Further, the plaintiff asserted that liability was predicated upon the fact that plaintiff was not provided with adequate supplies which does not entail any application of medical skill or knowledge. *Id*. Essentially, plaintiff argued that Prison Health Services' employees were simply indifferent to plaintiff's needs. *Id*. This Honorable Court denied the correctional health care provider's motion to dismiss, finding that plaintiff's complaint contained sufficient allegations to state a claim for ordinary negligence in failing to provide plaintiff with access to appropriate supplies while plaintiff was incarcerated without relying on the professional standard of care. *Id*. at 3.

Similar to *Romano*, the Plaintiff makes allegations in regard to the Defendant failing to provide adequate medical devices to the Decedent, Matthew Walker. [DE #29 ¶266(l)]. Plaintiff additionally makes the following relevant allegations: the Defendant failed to ensure that medical kits and functional medical equipment was available in each of the prison dorms when it knew or should have known that inmates and correctional officers would need medical treatment; the Defendant failed to ensure that prison dorms were equipped with cardiopulmonary resuscitation (CPR) and automated external difribillator (AED) device[s] in the event of a medical emergency; Defendant failed to

implement and/or enforce appropriate policies and procedures regarding the provisions of emergency medical care for inmates; [DE #29 ¶266].

Plaintiff's Amended Complaint neither alleges that the Plaintiff was receiving any medical care or treatment at the time of the incident, nor does the Plaintiff challenge any medical diagnosis or decision made by the Wexford medical staff. The essence of Plaintiff's Amended Complaint is that as a result of Mr. Walker's injuries, the Defendants failed to reasonably accommodate Plaintiff's needs. Arguably, the Defendant's were indifferent to Mr. Walker's needs. Nevertheless, Count XII of Plaintiff's Amended Complaint is not based on a heightened duty of care that is referenced in Florida's Medical Malpractice Act. Instead, the allegations made against the Defendant sound in ordinary negligence. To the extent that Plaintiff's Complaint appears to invoke a higher standard based on medical professionalism, Plaintiff will amend to clarify pursuant to ordinary negligence standard.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court deny Defendant's Motion to Dismiss Count XII, Wrongful Death, From Plaintiff's Amended Complaint with prejudice. Alternatively, Plaintiff would request the opportunity to amend her complaint prior to an order of dismissal.

Respectfully submitted this 29th day of July, 2016,

*s/Amber Hall*
Amber Hall, Esq. –FBN 0103042
ATTORNEY FOR PLAINTIFF
AMBER HALL LAW, PLLC
113 South Monroe Street, 1st Floor


Tallahassee, Florida 32301
T. (850) 201-7253 / F. (850) 583-4839
E-Mail: amber@amberhalllaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **29th day of July 2016**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF system, which will send a notice of electronic filing to those persons capable of receiving such notice of electronic filing:

James Cook, Esq.
ATTORNEY FOR PLAINTIFF
THE LAW OFFICE OF JAMES COOK
314 W. Jefferson Street
Tallahassee, Florida 32301
T. (850) 222-8080 / F. (850) 561-0836
E-Mail: cookjv@gmail.com

Devang Desai, Esq.
ATTORNEY FOR DEFENDANT, WEXFORD
GAEBE MULLEN ANTONELLI & DIMATTEO
420 South Dixie Highway, 3rd Floor
Coral Gables, Florida 33146
T. (305) 667-0223 / F. (305) 284-9844
E-Mail: ddesai@gaebemullen.com

Daniel Lazaro, Esq.
ATTORNEY FOR DEFENDANT, WEXFORD
GAEBE MULLEN ANTONELLI & DIMATTEO
420 South Dixie Highway, 3rd Floor
Coral Gables, Florida 33146
T. (305) 667-0223 / F. (305) 284-9844
E-Mail: dlazaro@gaebemullen.com

Kenneth Wilson, Esq.
ATTORNEY FOR DEFENDANTS –FDOC,
THOMAS REID, TYLER TRIPLETT, JOSEPH TROYAN,
THOMAS WEIDNER, ERROL GRANT, ANDREW LOVE,
KENT STOTT

OFFICE OF THE ATTORNEY GENERAL ,Suite 1100
501 E Kennedy Boulevard
Tampa, Florida 33602
T. (813) 233-2880 / F. (813) 233-2886
E-Mail: kenneth.wilson@myfloridalegal.com

                                            By: ___***s/ Amber Hall***___

                                                  AMBER HALL, ESQ.