UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAE HELEN ATKINS as Personal
Representative of the Estate of MATTHEW
WALKER

    Plaintiff,

v.

THOMAS REID, DAVE THOMAS, TYLER
TRIPLETT, DANIEL LYNCH, ROSEMARY
HARRINGTON, AHSAKI JONES, ERROL
GRANT, KENT STOTT, EDWARD SINOR,
THOMAS WEIDNER, ANDREW LOVE,
MESTELY SAINTERVIL, JOSEPH
TROYAN, in their individual capacities,
WEXFORD HEALTH SOURCES, INC., a
Florida profit corporation, DOCTOR ROBERT
HEMPHILL, DENISE JENKS, NURSE
DANIEL STAHL, NURSE PRISCILLA
WHEELER,  in their individual capacities,

    Defendants.

Case No. 2:16-cv-360-UA-MRM

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' T.REID, T. TRIPLETT, J. TROYAN AND T. WEIDNER MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DAMAGES AND IN THE ALTRENATIVE A MORE DEFINITE STATEMENT AND INCORPORATED MEMORANDUM OF LAW**

The Plaintiff, Mae Helen Atkins, by and through her undersigned counsel, hereby files her Response in Opposition to Defendants': T. Reid, T. Triplett, J. Troyan and T. Weidner Motion to Dismiss in support thereof states as follows:

**BACKGROUND**

This is an action to recover monetary damages resulting from the tragic, barbaric and wrongful acts of Defendants against Matthew Walker whose death occurred at Charlotte Correctional Institution ("CCI") in Punta Gorda, Florida on April 11, 2014.  While housed at

CCI, one or more correctional officers used excessive force upon the person of Matthew Walker while conducting unauthorized cell inspection checks. The Personal Representative, Mae Atkins, brings this lawsuit as a result of multiple violations of Matthew Walker's rights guaranteed by state and federal law. Moreover, Plaintff brought a variety of claims under 42 U.S.C. §1983 against the Defendant correctional officers in their individual capacities. Plaintiff alleges that one or more correctional officers from the Charlotte Correctional Institution used excessive force upon the person of Matthew Walker while conducting unauthorized "cell inspection checks," which proximately caused the personal injuries to, and the wrongful death of, Matthew Walker. The Defendants seek to dismiss Counts II, III, VII and XI of Plaintiff's Amended Complaint and alleges the Complaint fails to state a claim upon which relief can be granted.

## INCORPORATED MEMORANDUM OF LAW

**Standard of Review**

**A. Defendants Are Unable to Meet its Burden of Proof to Obtain Dismissal which Must be Denied.**

The Federal Rules of Civil Procedure require a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing a Motion to Dismiss, the Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint and matters judicially noticed. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Thus, the Court must accept all factual allegations in Plaintiff's Complaint as true and take them in light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008); *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009); Jackson v. Bellsouth Telecomm., 372 F. 3d 1250, 1262 (11th Cir. 2004).

Additionally, the Court must assume "the truth of all facts alleged in the Complaint and the existence of any fact that can be proved, consistent with the Complaint allegations." *Eastern Shore Mkts v. J. D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (citing *Hishon v. King Spalding*, 467 U.S. 69, 73 (1984)). A Motion to Dismiss "should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true, it appears certain that Plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); even under the "plausibility standard" of *Ashcroft v. Iqbal*, cited by the Defendant, when the court applies its own judicial experience and common sense[1], should find that Plaintiff has reasonably plead sufficient facts to demonstrate negligence against the Defendants. Dismissal is appropriate (only) if the Plaintiff has not "nudged its claim across the line from conceivable to plausible." *Twombly*, at 1974.

**A. Thomas Reid is Not Entitle to Qualified Immunity Based On The Allegations In The Amended Complaint.**

In order for a defendant to be granted qualified immunity at the motion to dismiss stage, it must be "evident from the allegations in the complaint alone that the defendant is entitled to qualified immunity. *Johnson v. Breeden*, 280 F.3d 1308, 1317 (11th Cir. 2002). While qualified immunity is typically addressed at the summary judgment stage of the case, the defense may be raised and considered on a motion to dismiss; the motion will be granted if the "complaint fails to allege the violation of a clearly established constitutional right." *Williams v. Ala. State Univ.*, 102 F.3d 1179, 1182 (11th Cir.1997).

Qualified immunity protects government actors performing discretionary functions from being sued in their individual capacities. *Williams,* 102 F.3d at 1182; *Lassiter v. Ala. A & M*

---

[1] *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), at 1950.

*Univ., Bd. of Trustees,* 28 F.3d 1146, 1149 (11th Cir.1994).   The doctrine shields government officials from liability to the extent that "their conduct does not violate clearly established ... constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 817–18, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982).

The Plaintiff respectfully submits that Defendant Thomas Reid's qualified immunity argument is pre-mature at this juncture. First, the allegations plead in the complaint present a *prima facia* case under 42 U.S.C. § 1983. Second, the parties are in the midst of discovery and the Plaintiff suggests that additional facts are being developed which further support the Plaintiff's claims and defeat the Defendant's suggestion that he has immunity for his actions.

Defendant, Thomas Reid contends that Count II is a conclusory cause of action founded simply on the premise that he was the Warden at CCI on the date of the incident, April 11, 2014. Defendant also alleges that in light of all inferences made in favor of the Plaintiff, Defendant is entitled to qualified immunity.  However, reading the allegations in the light most favorable to the Plaintiff, as the legal standards require, the Plaintiff's Amended Complaint cites the following relevant allegations [Doc. 29 ¶¶159-170]:

- Plaintiff is entitled to relief against Defendant, Thomas Reid in his individual capacity pursuant to 42 U.S.C. §1983 and the Eighth Amendment of the United States Constitution.

- Prior to April 11, 2014, Defendant, Thomas Reid, developed, enforced, maintained ratified and/or condoned policies or customs which resulted in deliberate indifference to constitutional rights of Charlotte Correctional Institution inmates, which ultimately caused the violation of Decedent, Mr. Walker's constitutional rights.

- Prior to April 11, 2014, Defendant Thomas Reid, enforced, maintained, ratified and/or condoned policies or customs of using excessive force against inmates.

- The policies of use of excessive force against inmates were so widespread and well settled at Charlotte Correctional Institution that it constituted custom and usage with the force of law.

- Prior to April 11, 2014, Defendant, Thomas Reid knew and was aware of the correctional officers' use of excessive force against the inmates.

- Thomas Reid was on actual and/or constructive notice of the widespread practice of excessive force within the Charlotte Correctional Institution.

- Defendant maintained a policy and/or custom of performing unauthorized "cell compliance checks," inadequately and improperly investigating complaints of correctional officer misconduct and officers' use of force, and/or destroying evidence and said acts of misconduct were allowed, tolerated, and not reprimanded by Thomas Reid. Thus, Defendant Thomas Reid failed to discourage constitutional violations perpetrated by its correctional officers and ratified improper conduct and use of excessive force and made further, future acts of unlawful violence substantially certain to occur.

- Defendant has a history of performing unauthorized cell compliance checks," using excessive force against inmates, and ratifying Constitutional rights violations by their officers. Defendant also has a history of failing to discipline correctional officers, failing to correct officer misconduct, and failing to properly train or supervise correctional officers; thus, exhibiting deliberate indifference to the constitutional rights of employees

and inmates at correctional facilities under the control of the Florida Department of Corrections, specifically, Decedent, Mr. Walker, whose constitutional rights were violated pursuant to the Eighth Amendment of the United States Constitution, and he was ultimately deprived of his bodily integrity.

- Defendant Thomas Reid ratified and/or condoned the violations of the Civil Rights Act, 42 U.S.C. §1983, Eighth Amendment of the United States Constitution, or in the alternative the violations were so common, that it became custom. Furthermore, Thomas Reid knew such violations were occurring, but was deliberately indifferent to doing anything about it.

- As a result of the above-mentioned policies and customs, Defendant Charlotte Correctional Institution officers believed that their wrongful actions would not be subject to proper monitoring by supervisors, and that misconduct would not be subject to investigation or sanction, but would instead be tolerated by Defendant, Thomas Reid.

- The above fact denotes a deliberate indifference on the part of Defendant, Thomas Reid as a policy-maker and custom enforcer, to upholding the constitutional rights of inmates at Charlotte Correctional Institution including Decedent, Matthew Walker, in particular the right to be free from excessive force, which actually and proximately caused violations of Decedent, Matthew Walker's constitutional rights guaranteed by the Eighth Amendment to the United States Constitution, in particular fatally injuring Decedent and causing his death, depriving him of his right to bodily integrity.

- As a direct, proximate, and foreseeable result of the Constitutional violations and misconduct of Defendant Thomas Reid's actions and/or omissions, Decedent Mr. Walker sustained brutal and severe physical injuries resulting in his untimely and death.

Applying the test for qualified immunity to the foregoing allegations, which must be taken as true for this motion, it is clear that the facts alleged state a claim that Thomas Reid violated Mr. Walker's right pursuant to the Civil Rights Act, 42 U.S.C. §1983 and the Eighth Amendment. Further, the imposition of federal statutory liability, for the violation of constitutionally-protected civil rights by police officers, dates back to the post-Civil War era. As the Eleventh Circuit has noted, in a review of the legislative history of 42 U.S.C. § 1983, the congressional debates "do indicate that a primary motivation behind the passage of the statute was the desire to eliminate the physical violence that was being visited on citizens by those entrusted to keep the peace." *Gilmere v. City of Atlanta,* 774 F.2d 1495 (11th Cir. 1985).

Count II in Plaintiff's Amended Complaint further demonstrates how not only the wrongful and unauthorized late night cell inspections related to the injury and death of Mr. Walker, but how the excessive use of force against Mr. Walker causally related to the violation of his constitutional rights. Whether the cell checks were authorized or not, it is clear that the use of excessive force against Mr. Walker violated his constitutional rights. The fact that the cell inspections were not authorized demonstrates the absence of a penological purpose and that there was a retaliatory and possibly malicious motive in regard to the late night cell inspections. Defendants continue to harp on the cell inspections alone and somehow forget about while in that environment, excessive use of force was used upon Mr. Walker, a clear violation of the Constitution. A reasonable person, given the facts of this case would view the excessive use of force against Mr. Walker while conducting late night cell checks (not authorized by FDOC) as

infringing upon the constitutional rights of Mr. Walker. *Greason v. Kemp*, 891 F.2d 829, 836 (11th Cir. 1990). Therefore, a dismissal of Count II is unwarranted. Plaintiffs request that the Court deny Defendant's Motion to Dismiss Count II of Plaintiff's Complaint.

### B. Count III Is a Valid Deliberate Indifference Cause of Action

A prison official's "deliberate indifference" to a substantial risk of serious harm to an inmate violates the Eighth Amendment. See *Helling v. McKinney,* 509 U.S. 25, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993); *Wilson v. Seiter,* 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Moreover, a claimant need not show that an official acted or failed to act believing that harm actually would befall an inmate; it is sufficient that an official acted or failed to act despite his knowledge of substantial risk of harm. *Farmer v. Brennan*, 511 U.S. 825, 842 (1994); U.S.C.A. Const.Amend. 8.

In the instant case, Plaintiff alleges the following in Count III [Doc. 29 ¶¶173-180]:

- Plaintiff is entitled to relief against Defendant Charlotte Correctional Institutional Officers Dave Thomas, Tyler Triplett, Daniel Lynch, Rosemary Harrington, Ahsaki Jones, Errol Grant, Kent Stott, Edward Sinor, Thomas Weidner, Andrew Love, Mestely Saintervil, and Joseph Troyan since the officers because while acting under color of law, each of the officers subjected Mr. Walker to cruel and unusual punishment and acted with deliberate indifference to known risks of harm to Mr. Walker.

- Defendants violated Mr. Walker's civil rights by causing his injuries, which were unjustified and constituted excessive force in violation of the Eighth Amendment.

- Defendants violated Mr. Walker's civil rights by causing his injuries and later failing to provide timely medical care to Mr. Walker which was in violation of the Eighth Amendment.

- While acting under color of state law, the Defendants violated Mr. Walker's constitutional right to be free from cruel and unusual punishment and used excessive force by maliciously inflicting injury, pain and suffering.

- Defendants were charged with the constitutional duty to not knowingly cause Mr. Walker's life, health, and safety, to be placed in danger by deliberately ignoring the known dangers to Mr. Walker that the Officers' actions placed him in.

- Defendants were aware of the facts that gave rise to an inference of a risk of serious harm to Mr. Walker and Defendants reasonably drew the inference, yet took no action to abate the harm.

- Defendants had reasonably sufficient time and opportunity to intervene to prevent Mr. Walker's death and were compelled to do so under the Constitution of the United States, yet took no action to intervene to prevent the harm.

- By deliberately failing to abate the risk of known harm, Defendant Charlotte Correctional Institution Officers acted in violation of the Eighth Amendment to the Constitution of the United States.

Furthermore, the Common Allegations of Fact in Plaintiff's Amended Complaint support, Plaintiffs Eighth Amendment cause of action against the Defendant. [Doc. 29 ¶¶34-151]. These allegations satisfy the subjective standard, which is required pursuant to this cause of action.

Thus, Plaintiffs request this Honorable Court to deny Defendant's Motion to Dismiss Count III. In the alternative, Plaintiff respectfully requests to refine the violation with supporting allegations and/or to further amend the Complaint as necessary to clarify the violation and the relief sought in this case.

### C. Defendants Conspired to Deprive Mr. Walker of His Constitutional Rights

Count VII of Plaintiff's Complaint successfully alleges a Conspiracy to Deprive Constitutional Rights cause of action. Defendants rely on *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000), arguing that a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment. However, an exception to the intra-corporate conspiracy doctrine exists where employees pursue their own, independent interests, which were entirely apart from those of the employer. *Cosby v. Lee County*, 55 F.Supp.3d 1393, 1404 (M.D. Fla. 2014).

In this case, Plaintiff specifically alleges the "Defendant's pursued their own independent interests, which were entirely apart from those of their employer. [Doc. 29 ¶211]. Plaintiff further contends that this misconduct was undertaken with malice, and deliberate indifference to the rights of Mr. Walker. [Doc. 29 ¶212]. It is well settled that the late night inspections were unauthorized and that the correctional officers engaged in these actions as a result of their own interests, independent from the Department of Corrections. Additionally, the use of excessive force, while performing checks that were not in the scope of employment— because they were not authorized, further supports Plaintiff's argument that Defendants were pursuing their own personal interests. This malicious behavior was advanced by the agreement of the officers to deny Mr. Walker of his constitutional rights. As a result, a

dismissal of Count II is unwarranted.  In the alternative, Plaintiffs request leave to amend the Complaint.

### D. Defendants Were Involved In the Violation of Matthew Walker's Right To Be Free from Retaliation In The Exercise of Free Speech

Defendant argues that Officers Grant, Weidner, Love and Troyan were not part of the group of officers present when Mr. Walker made his statements.  However, Plaintiff's Amended Complaint clearly alleges the following:

- Other officers were called to the Decedent's cell. Upon information and belief, at least three officers were present in the Decedent's cell. [Doc. 29 ¶48]

- The officers included but were not limited to: Officer Tyler Triplett, Officer Edward Sinor, Officer Mestely Saintervil, Officer Daniel Lynch, Officer Rosemary Harrington and Officer Kent Stott. *Id*.

- During this time, Decedent asked the officers why he was being harassed and why he was being hit. *Id*. at  ¶49.

- The correctional officers did not answer any of Mr. Walker's questions; the officers just continued to use excessive force against the Decedent while screaming expletives. *Id*. at ¶50.

Defendants make a conclusory and unfounded allegation that since Plaintiff's Complaint does not specifically name the officers, they were not present when Mr. Walker made his statements.  However, Plaintiff's Complaint clearly states that there were many officers present at the time Mr. Walker made his statements.  Specifically, Plaintiff uses the language "officers included but were not limited to" in an effort to qualify that many officers were present or in the

vicinity of the Mr. Walker when statements were made. Further, discovery is ongoing and will likely shed light on this factual determination. In that regard and taking the allegations in a light favorable to the Plaintiff, this Court should deny the Defendants' Motion to Dismiss Count XI. Furthermore, Defendants propose that Mr. Walker disobeyed the commands of officers. Unfortunately, as a result of the facts, the officers commands were never "lawful" per se. In actuality, the presence of the officers in the cell at the time of the incident was unwarranted, unofficial and unauthorized. Had the officers obeyed their employers, their actions would not have occurred that night. Thus, qualified immunity is inapplicable with respect to Count XI. Plaintiffs request that this Court deny the Defendants' Motion to Dismiss Count XI.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court deny Defendants' Motion to Dismiss. Alternatively, Plaintiff would request the opportunity to amend her complaint prior to an order of dismissal.

Respectfully submitted this 29th day of July, 2016,

*s/Amber Hall*
Amber Hall, Esq. –FBN 0103042
ATTORNEY FOR PLAINTIFF
AMBER HALL LAW, PLLC
113 South Monroe Street, 1st Floor
Tallahassee, Florida 32301
T. (850) 201-7253 / F. (850) 583-4839
E-Mail: amber@amberhalllaw.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **29th day of July 2016**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF system, which will send a notice of electronic filing to those persons capable of receiving such notice of electronic filing:

James Cook, Esq.

ATTORNEY FOR PLAINTIFF
THE LAW OFFICE OF JAMES COOK
314 W. Jefferson Street
Tallahassee, Florida 32301
T. (850) 222-8080 / F. (850) 561-0836
E-Mail: cookjv@gmail.com

Devang Desai, Esq.
ATTORNEY FOR DEFENDANT, WEXFORD
GAEBE MULLEN ANTONELLI & DIMATTEO
420 South Dixie Highway, 3rd Floor
Coral Gables, Florida 33146
T. (305) 667-0223 / F. (305) 284-9844
E-Mail: ddesai@gaebemullen.com

Daniel Lazaro, Esq.
ATTORNEY FOR DEFENDANT, WEXFORD
GAEBE MULLEN ANTONELLI & DIMATTEO
420 South Dixie Highway, 3rd Floor
Coral Gables, Florida 33146
T. (305) 667-0223 / F. (305) 284-9844
E-Mail: dlazaro@gaebemullen.com

Kenneth Wilson, Esq.
ATTORNEY FOR DEFENDANTS –FDOC,
THOMAS REID, TYLER TRIPLETT, JOSEPH TROYAN,
THOMAS WEIDNER, ERROL GRANT, ANDREW LOVE,
KENT STOTT
OFFICE OF THE ATTORNEY GENERAL, Suite 1100
501 E Kennedy Boulevard
Tampa, Florida 33602
T. (813) 233-2880 / F. (813) 233-2886
E-Mail: kenneth.wilson@myfloridalegal.com

By: *s/ Amber Hall*

AMBER HALL, ESQ.